I respectfully dissent from the majority's affirmance of the trial court's determination that appellant is a sexual predator, pursuant to R.C. Chapter 2950. I do not believe the record contains clear and convincing evidence that appellant is likely to commit a sexual offense in the future.
The Supreme Court of Ohio has stated that, "[a]lthough certainly even one sexually oriented offense is reprehensible and does great damage to the life of the victim, R.C. Chapter 2950 is not meant to punish a defendant, but instead, `to protect the safety and general welfare of the people of this state." State v. Eppinger, 91 Ohio St.3d 158, 165,2001-Ohio-247. Therefore, "[i]nstead of deciding whether the offender is particularly deserving of punishment, the issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses." Id. at 166.
In Eppinger, the Supreme Court of Ohio set forth a three-step procedure for use in sexual offender classification hearings to determine whether the defendant is likely to recidivate. Id. First, a record must be created for review, identifying the aspects of the defendant's criminal and social history which relate to the factors set forth in R.C.2950.09(B)(2), and thus, are probative of whether the offender is likely to engage in one or more sexually oriented offenses. Id. Second, the trial court may, in its discretion, appoint an expert if it determines that such service is reasonably necessary to determine if the offender is likely to recidivate. Id. at 166, syllabus. The Supreme Court recognized that "one sexually oriented conviction, without more, may not predict future behavior," and therefore, "the appointment of an expert may be warranted to aid the trial court in determining the likelihood of recidivism." Id. at 162. Accordingly, if the court appoints an expert, it must have determined that "such services [were] reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C 2950.01(E)." Id. at syllabus. Finally, the trial court must consider the factors enumerated in R.C. 2950.09(B)(2) and discuss on the record the particular evidence and factors upon which it relies in making its determination.
Although R.C. 2950.09 does not preclude a trial court from relying on one factor more than another in its determination that an offender qualifies as a sexual predator, the statute does not permit it to ignore any factor, especially one that overwhelmingly demonstrates that an offender is unlikely to recidivate. State v. Moore, 11th Dist. No. 98-L-250, 2001 Ohio App. LEXIS 10, 2001-Ohio-4296. Although the trial court is not required to defer to expert testimony, I would hold that a trial court abuses its discretion by failing to address the expert's testimony when it discusses on the record the particular evidence and factors upon which it relied in making its determination.
In the instant case, Dr. John Fabian ("Fabian"), who is employed by the Lake County Court of Common Pleas and the Lake County Adult Probation Department, conducted appellant's psychological examination. Fabian administered two minor risk assessment tests and testified that appellant's results indicated a "low risk of re-offending," which is the lowest possible test result. Fabian's psychological report reveals that approximately sixteen percent of offenders, who received the same score as appellant on the Minnesota Sex Offense Screening Tool-Revised, recidivated. With regard to appellant's score on the Static 99 report, nine percent of offenders, who scored similarly, re-offended after five years of release from prison, thirteen percent after ten years, and sixteen percent after fifteen years.
Further, the record reveals that appellant has no prior history of sexual offenses and no prior convictions. Appellant was approximately forty-four years old at the time of the offense. At the time of the sexual predator determination hearing, appellant was fifty-eight years old, had been imprisoned for over ten years, and had received no conduct citations during that time. While in prison, appellant completed the educational phase of the sexual offender treatment program and was in the process of completing the group phase of the program. Although appellant blames the victim for `coming on to him," Fabian testified that, over time, appellant is taking more responsibility for the offense.
Based on the foregoing, I conclude that the trial court's determination that appellant is a sexual predator is not supported by clear and convincing evidence. Although the conduct for which appellant is imprisoned was reprehensible, the record does not indicate, by clear and convincing evidence, that appellant is likely to engage in one or more sexually oriented offenses in the future. Accordingly, the judgment of the trial court should be reversed.